**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| IN RE: | Case No.: 16-51087 (JAM) |
| BRETT LEVY | CHAPTER 7 |
| Debtor. | |
| MICHAEL GRAFF | Adversary No.: |
| v. | |
| BRETT LEVY | February 10, 2017 |

**COMPLAINT OF MICHAEL GRAFF**
**OBJECTING TO THE DISCHARGE OF HIS DEBT PURSUANT TO 11 U.S.C. §§**
**523(a)(2) AND 523(a)(4)**

**JURISDICTION AND PARTIES**

1. This adversary proceeding is brought pursuant to 11 U.S.C. §§ 523(a)(2) and 523(a)(4) to deny the debtor a discharge of certain debt in this Chapter 7 proceeding.

2. This Court has jurisdiction over these matters pursuant to 11 U.S.C. § 523 and these matters are core proceedings pursuant to 28 U.S.C. §§ 157 (b)(2)(I).

3. Venue over this action resides in this Court pursuant to 28 U.S.C. § 1409.

4. The debtor, Brett Levy (the "Debtor") is the defendant in this proceeding having filed a voluntary chapter 7 bankruptcy proceeding on August 10, 2016 in the United States Bankruptcy Court, District of Connecticut at Bridgeport (the "Petition Date").

5. The last day for creditors and parties to object to the discharge of the Debtor was extended to February 10, 2017 (Doc. ID. #53).

6. Michael Graff (the "Plaintiff") is the Plaintiff in this proceeding and is a natural person residing in Greenwich, CT.

**COUNT ONE:    DENIAL OF DISCHARGE OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2)**

7. On or about January 22, 2016, Plaintiff entered into a Residential Lease with Defendant entitled "The Greenwich Association of Realtors, Inc. Residential Lease" dated January 22, 2016, pursuant to which he agreed to lease the property located at 27 Cobb Island Drive, Greenwich, Connecticut 06830 (the "Premises") from Levy (the "Lease").

8. The Lease required a payment of $12,000 per month in rent commencing February 15, 2016 and ending February 14, 2008.

9. Plaintiff paid a $24,000 security deposit ("Security Deposit") to Defendant.

10. Plaintiff paid a total of $36,000 in rent to Defendant (the "Paid Rent").

11. After Plaintiff, his wife and infant child moved into the Premises, he learned that the Premises suffered from significant water damage, which materially affected the health and safety of the Premises

12. Defendant was aware that the premises suffered significant water damage and that the leaks and water damage have existed on the Premises long before the date of the Lease. The leaks and water damage fostered the growth of toxic mold and created an uninhabitable and unsafe environment.

13. Defendant concealed the water damage from Plaintiff and misrepresented that the Premises was in good condition.

14. Despite Plaintiffs written notice to Defendant of the existence of water damage, Defendant failed to take action to remediate the water damage.

15. On or about March 26, 2016, within one day of Plaintiff and family moving into the Premises, the septic system failed, causing black water, sewage, and other contaminants to infiltrate the Premises.

16. Despite the obvious health issues caused by the septic system failure and Plaintiff's immediate notification to Defendant, Defendant failed to respond with the urgency warranted by the nature of the situation.

17. Plaintiff incurred significant expense in an attempt to clean up the contamination and repair the septic system, for which Defendant agreed to be responsible.

18. As a result of Defendant's neglect of the Premises, the Premises was contaminated with toxic mold detrimental to the health and safety of Plaintiff and his family.

19. The Premises was completely uninhabitable.

20. Plaintiff put Defendant on notice of the mold contamination in the beginning of April 2016, yet he failed to investigate or remediate the toxic mold with the urgency warranted by the scope and the nature of the situation.

21. In addition Plaintiff notified defendant of problems with the air systems. Despite notice, Defendant failed to adequately remedy the problems.

22. Plaintiff incurred significant expense to investigate and attempt to repair the air systems, for which Defendant agreed to be responsible.

23. Plaintiff also incurred substantial expense in having electrical and other work done on the Premises with Defendant's consent that has had the effect of improving the value of the Premises.

24. The total amount of the expenses Plaintiff was forced to incur is $26,226.45 (the "Unreimbursed Expenses").

25. Defendants noncompliance with the Lease was knowing and material and affected the health and safety of the Plaintiff and his family.

26. On April 22, 2016, through his attorney, Plaintiff informed Defendant of the termination of the tenancy of the Premises due to his fraudulent misrepresentations and failure to comply with his obligations as a landlord after notice and multiple opportunities to cure.

27. On April 22, 2016, Plaintiff vacated the Premises and terminated the tenancy.

28. In the April 22 Letter, Plaintiff demanded a return of the Security Deposit, and provided Defendant with a forwarding address of 191 Milbank Avenue, Penthouse, Greenwich, CT 06830.

29. On or about July 15, 2016, Plaintiff filed suit alleging a violation of Conn. Gen. Stat,§§47a-7 and 47a-21(d), constructive eviction, fraudulent inducement, unjust enrichment, and CUTPA.

30. Defendant stated under oath at his 11 U.S.C. §314 meeting of creditors that Plaintiffs security deposit was deposited into his own personal bank account and spent on personal needs and expenses.

31. Defendant stated under oath at his 11 U.S.C. §314 meeting of creditors that Plaintiffs rental payments were also deposited into his own personal bank account and spent on personal needs and expenses.

32. Defendant stated under oath at his 11 U.S.C. §314 meeting of creditors that he had to engage the services of a property remediation professional.

33. Defendant concealed the water damage and misrepresented to Plaintiff that the Premises was in good condition for the purpose of inducing Plaintiff to enter into the Lease.

34. Defendant's representations were false and known by Defendant to be false.

35. Plaintiff detrimentally relied on Defendant's misrepresentation relating to, and failure to disclose, material information by executing the Lease, which resulted in Plaintiff incurring significant damages.

36. Defendant's failure to return the full Security Deposit plus interest constitutes a willful violation of the Lease and a violation of 11 U.S.C. §523(a)(2).

37. Defendant's failure to return the Security Deposit with interest or any statement itemizing the nature and amount of any damages claimed by Defendant constitutes a violation of Conn. Gen. Stat. § 47a-21(d) and a violation of 11 U.S.C. §523(a)(2).

38. Defendant is liable to Plaintiff for twice the amount or value of the Security Deposit plus interest pursuant to Conn. Gen. Stat. § 47a-21(d).

39. Defendant obtained Plaintiffs security deposit and rental payments through false pretense, false representation in violation of 11U.S.C. §523 (a)(2).

40. Defendant caused Plaintiff to incur additional expense in attempts to create a habitable premises through false pretense, false representation in violation of 11U.S.C. §523 (a)(2).

**COUNT TWO:   DENIAL OF DISCHARGE OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(4)**

41. Paragraphs 7-35 of count one are included herein and made a part of count two.

42. Defendant obtained Plaintiffs security deposit and rental payments through fraud and misappropriated those payments while acting in a fiduciary capacity in violation of 11U.S.C. §523 (a)(4).

43. Defendant's failure to return the Security Deposit with interest or any statement itemizing the nature and amount of any damages claimed by Defendant constitutes a violation of Conn. Gen. Stat. § 47a-21(d) and a violation of 11 U.S.C. §523(a)(4).

44. Defendant is liable to Plaintiff for twice the amount or value of the Security Deposit plus interest pursuant to Conn. Gen. Stat. § 47a-21(d).

**WHEREFORE**, the Plaintiff respectfully requests an order from this Court denying the Debtor a discharge as to the Plaintiff's debt pursuant to 11 USC §§ 523(a)(2) and/or 523(a)(4); and that the Plaintiff have whatever other relief is just and equitable under these facts.

Dated at Orange, Connecticut this 10th day of February 2017.

**Michael Graff,**

By: /s/ Suzanne B. Sutton
    Suzanne B. Sutton, Esq.
    Federal Bar No.: ct03506
    COHEN AND WOLF, P.C.
    657 Orange Center Road
    Orange, CT 06477
    Tel.: (203) 298-4066
    Fax: (203) 337-5510
    E-Mail: s.sutton@cohenandwolf.com